**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MACARTHUR HARDIN DANIEL,

    APPELLANT,

vs.                                                      Case No. 3:13-cv-1110–J-99TJC

ROBERT STUDWELL, and
JOYCE STUDWELL,

    APPELLEES.

## ORDER

This case is before the Court on Appellant's Emergency Motion to Reinstate the Automatic Stay and Request for Mediation (Doc. 3) and Appellee's Response (Doc. 5).

MacArthur Hardin Daniel filed a pro se petition for bankruptcy under Chapter 12 on April 18, 2012. (Doc. 1-6 at 2). On September 18, 2012, the case was converted to Chapter 11. (Doc. 1-69 at 1). The case was dismissed, and the automatic stay in the case was terminated by order of the bankruptcy court on May 28, 2013. (Doc. 1-5). Appellant now seeks reinstatement of that automatic stay. (Doc. 3). Appellant cites no legal authority but argues that the stay was unfairly and unjustly released as the result of his inability to defend himself at the hearing, due to illness and lack of counsel. (Doc. 3 at 2). As such, Appellant's motion is best construed as a request for accelerated consideration of the portion of his appeal dealing with the bankruptcy court's decision to remove the stay. (See Doc. 1-2 at 1).[1]

Review of a bankruptcy court's legal conclusions is de novo, but the bankruptcy

---

[1] If Appellant intended instead to move for a stay pending appeal, he would have had to either present this motion first to a bankruptcy judge or show why the relief was not obtained from the bankruptcy judge. FED. R. BANKR. P. 8005.

court's factual findings can only be overturned if they are clearly erroneous. In re Grunau, 376 B.R. 322, 327 (M.D. Fla. 2007).

Upon the commencement of a voluntary case under Chapter 11 of the bankruptcy code, an automatic stay bars any act to collect on a claim against the debtor that arose before the bankruptcy case, including a foreclosure sale. 11 U.S.C. § 362(a) (West 2006). The stay continues to apply to an act against property of the estate until such property is no longer property of the estate. § 362(c). Since property can no longer be property of the estate after dismissal, an automatic stay is terminated upon the dismissal of the petition. In re Lomagno, 429 F.3d 16, 17 (1st Cir. 2005); Carter v. U.S. Dep't of Hous. & Urban Dev., 134 F.3d 376 (9th Cir. 1998) (Table); see also § 349(b)(3) (noting that dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case").

Here, Appellant's case was dismissed. (Doc. 1-5). As such, the automatic stay was appropriately lifted. See Lomagno, 429 F.3d at 17.

**ORDERED:**

Appellant's Emergency Motion to Reinstate the Automatic Stay and Request for Mediation is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 17th day of October, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

2

W.
Copies:
Pro Se Appellant
Counsel of Record